### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **CITY OF COLUMBUS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Case No. 2:26-cv-00465** |
| **v.** | : | **Judge Michael H. Watson** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **NL INDUSTRIES, INC.,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

Defendant NL Industries, Inc., filed the Notice of Removal on April 17, 2026, relying on diversity of citizenship to satisfy federal subject-matter jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1.)  Defendants Doe Run Resources Corporation, Atlantic Richfield Company, Edlow International Company, and Nuclead Manufacturing Co, Inc., have since filed notices consenting to the removal or answered in this action.  (ECF Nos. 6, 8, 34, 35.)  The docket does not reflect that Defendant ASARCO has been served or otherwise appeared in this action.[1]

In any action in which jurisdiction is based on diversity, Federal Rule of Civil Procedure 7.1(a)(2) requires a party to file a disclosure statement that names and identifies the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor with its first

---

[1] The Court notes that Defendant ASARCO signed onto the "Defendants' Unopposed Motion for Page Limit Extension for Motions to Dismiss."  (ECF No. 37)

appearance in the action.  Fed. R. Civ. P. 7.1(a)(2).  None of the Defendants have filed such a statement to date.[2]

Defendants NL Industries, Inc., Doe Run Resources Corporation, Atlantic Richfield Company, Edlow International Company, and Nuclead Manufacturing Co, Inc. are therefore **ORDERED** to file disclosure statements in accordance with Rule 7.1(a)(2) within **SEVEN DAYS** identifying the citizenship of every individual or entity whose citizenship is attributed to it at the time the case was commenced.  *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). Defendant ASARCO is **ORDERED** to file a disclosure statement in accordance with Rule 7.1(a)(2) within **SEVEN DAYS** of Defendant ASARCO filing an appearance in this action.

The disclosure statements must provide sufficient factual allegations for the Court to determine each party's citizenship according to the following standards:

**Limited liability companies** have the citizenship of each of their members.  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  In practice, this means that an LLC's members must be identified to determine whether they are natural persons, corporations, LLCs, or partnerships, so that the appropriate test can be applied to determine the members' citizenship.  "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well."  *Id.*  The citizenship of unincorporated associations, such as LLCs, "'must be traced through however many layers of partners or members there may be.'"  *Kam Dev., LLC v. Marco's Franchising, LLC*, Case No. 3:20-cv-2024, 2023 WL 4460669,

---

[2] The Court notes that Defendants NL Industries, Inc., Atlantic Richfield Company, Edlow International Company, and Doe Run Resources Corporation have filed "Corporate Disclosure Statements" to comply with Local Rule 7.1.1, but these statements do not satisfy the requirements of Federal Rule of Civil Procedure 7.1(a)(2).

2

at *2 (N.D Ohio June 1, 2023) (quoting *Meyerson v. Harrah's E. Chicago Casino,* 299 F.3d 616, 617 (7th Cir. 2002)).

**Natural persons** have the citizenship of the state in which they are domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). Although this will often coincide with the state in which a natural person resides, "domicile is not synonymous with a person's residence." *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996 (S.D. Ohio 2008) (citing *Kaiser*, 391 F.2d at 1009). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Domicile is determined based on "a variety of factors indicating the extent of a particular party's ties to the purported domicile." *Persinger*, 539 F. Supp. at 997. Those factors include:

> [c]urrent residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions; fraternal organizations, churches, clubs and other associations; place of employment or business; driver licenses and other automobile registration; [and] payment of taxes.

*Id.* (quoting 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed. 1984)).

**Corporations** have the citizenship of any state in which they are incorporated and in which they have a principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation's "principal place of business" refers to

> the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 92–93.

**Partnerships and limited partnerships** have the citizenship of each of their partners (both general and limited). *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 n.1 (2005) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192–97 (1990)). Thus, similar to LLCs, all partners of a partnership must be identified and their citizenship determined with the appropriate test.

**Sole proprietorships** have the citizenship of their sole proprietor (*i.e.*, a natural person doing business under a business name). *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); *3LI Consultant Grp. v. Cath. Health Partners*, No. 1:15-CV-455, 2016 WL 246202, at *2 (S.D. Ohio Jan. 21, 2016). Thus, sole proprietorships have the citizenship of the state of domicile of their operator.

Defendants are advised that failure to demonstrate complete diversity of citizenship of the parties will result in remand of this action for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded.").

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

4